IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES HORVATH                                                                               PLAINTIFF

v.                                           4:07CV00270 WRW

DON BOURNE, et al.                                                                       DEFENDANTS

## MEMORANDUM AND ORDER

### I. Introduction

Plaintiff is an inmate incarcerated at the Pope County Jail, who has been granted in forma pauperis status in this action filed pursuant to 42 U.S.C. § 1983 against defendants, based on his criminal proceedings in state court. Plaintiff asks for money damages.

### II. Allegations of the Complaint

Plaintiff's allegations against the defendants are as follows:

1) Defendant Don Bourne (Russellville District Court Judge) - plaintiff alleges that most people who come before this defendant are required to represent themselves, and that in 2003, 2005, and 2007 plaintiff was required to represent himself in certain proceedings. Plaintiff alleges a violation of his Sixth Amendment right to counsel and also alleges that defendant imposes high appeal bonds;

2) Defendant David Gibbons (Pope County Prosecuting Attorney) - Known for making improper deals and lying in Court;

3) William F. ("Troy") Smith (City Attorney) - Prosecuted a case against plaintiff and withheld evidence;

Dockets.Justia.com

4) Defendant Raye Turner (former Russellville Mayor) - Prevented plaintiff from access to public records requested through the Freedom of Information Act (FOIA).

### III.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief.   A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true.  See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983.  Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984).  A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Finally, in order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).

IV.  Analysis

With respect to defendant Bourne, plaintiff alleges that he improperly required plaintiff to proceed pro se in criminal proceedings and imposed high appeal bonds.  To the extent that this defendant was the judge presiding over plaintiff's criminal trial, he is immune from liability.  Judges who are sued under § 1983 are immune from liability for damages for "judicial acts" they perform, as long as they do not act in "absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 356-7 reh'g denied, 436 U.S. 951 (1978).

Defendants Gibbons and Smith also are immune from liability in this case, because prosecuting attorneys "are entitled to absolute immunity for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process."  Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993).

Finally, the Court finds that plaintiff's allegations against defendant Turner, for allegedly preventing access to records pursuant to a FOI Act request, fail to state a claim.   Plaintiff does not allege any specifics about this document request, or how denial of the documents caused him harm.  Therefore, the Court finds that plaintiff fails to state a claim against this defendant.

V.  Conclusion

In conclusion, the Court finds that plaintiff's complaint against defendants should be dismissed with prejudice for failure to state a claim.   The Court further considers this dismissal as a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was

dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.   Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED for failure to state a claim.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal taken from this decision is not in good faith.

An appropriate Judgment will accompany this Memorandum and Order.

IT IS SO ORDERED this 3rd day of April, 2007.


/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE